**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MORRIS COUNTY CARDIOLOGY CONSULTANTS, PA, | : | |
| | : | |
| Plaintiff, | : | **Civil Action No. 08-00308(SRC)** |
| | : | |
| v. | : | **OPINION** |
| | : | |
| NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, LOUIS S. WOJCIK, RICHARD C. VAN WAALWIJK, and JOHN DOES 1-10 | : | |
| | : | |
| Defendants. | | |

**CHESLER**, District Judge

This matter comes before the Court on the motion by Defendant Northwestern Mutual Life Insurance Company ("Defendant" or "Northwestern") to dismiss Count IV of Plaintiff's Second Amended Complaint for violation of the New Jersey Consumer Fraud Act (the "CFA"). Plaintiff Morris County Cardiology Consultants, PA has opposed the motion to dismiss. Furthermore, Defendants Louis S. Wojcik and Richard Van Waalwijk (the "Agent Defendants") submitted a reply to Plaintiff's opposition to Northwestern's motion to dismiss the claim for violation of the CFA. After consideration of the parties' briefing, the Court has determined that it will grant the motion and dismiss Count IV of the Complaint against all Defendants without prejudice. In the following discussion, the Court gives its reasons for the decision.

I.   BACKGROUND

On or about December 20, 1996, Northwestern issued to Plaintiff a Disability Overhead Expense Insurance Policy.  Subsequently, a claim for partial disability was made on the policy after Dr. Antonucci, a member covered under the policy, injured his hand.  After reviewing the claim, Northwestern denied the claim for partial disability benefits.  Plaintiff asserts that the Agent Defendants represented that the loss was covered.   Plaintiff claims that Northwestern violated the CFA by failing to provide coverage and/or failing to notify Plaintiff of a potential claim for total disability.  Plaintiff also claims that the Agent Defendants breached their duties to Plaintiff and Dr. Antonucci by neglecting to properly represent them in seeking benefits under the DOE policy.

II.   DISCUSSION

   A.  Standard of Review

Defendant brings this motion pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss the claims asserted in the Complaint for failure to state a claim upon which relief may be granted.   As the claim for violation of the CFA sounds in fraud, the Plaintiff must meet the more stringent pleading requirements of Federal Rule of Civil Procedure Rule 9(b).  Peters v. LG Elecs. USA, Inc., 2007 U.S. Dist LEXIS 94758, *8 (D.N.J. Dec. 28, 2007).  "Rule 9(b) requires plaintiffs to plead with particularity the circumstances of the alleged fraud in order to place the defendants on notice of the precise misconduct with which they are charged." Seville Indus. Mach. Corp.  V.  Southmost Mach.  Corp., 742 F.2d 786, 791 (3d Cir.  1984).

When evaluating the sufficiency of claims, the Court must apply the plausibility standard articulated by the Supreme Court in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and

Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).  In Twombly and Iqbal, the Supreme Court stressed that a complaint will survive a motion under Rule 12(b)(6) only if it states "sufficient factual allegations, accepted as true, to 'state a claim for relief that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. (citing Twombly, 550 U.S. at 556.)

The cases are also clear about what will not suffice: "threadbare recitals of the elements of a cause of action," an "unadorned, the-defendant-unlawfully-harmed-me accusation" and conclusory statements "devoid of factual enhancement."  Id. at 1949-50; Twombly, 550 U.S. at 555-57.  While the complaint need not demonstrate that a defendant is *probably* liable for the wrongdoing, allegations that give rise to the mere *possibility* of unlawful conduct will not do. Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 557.  The issue before the Court "is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence in support of the claims."  Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1420 (3d Cir. 1997) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (relying on Twombly to hold that to survive a motion to dismiss a Complaint must assert "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element").

The Court must consider the Complaint in its entirety and review the allegations as a whole and in context.  Iqbal, 129 S.Ct. at 1950.  In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court may consider only the allegations of the complaint, documents attached or specifically referenced in the complaint if the claims are based upon those documents

and matters of public record.  Tellabs, 551 U.S. at 322; Winer Family Trust v. Queen, 503 F.3d

319, 327 (3d Cir. 2007).  Though the Court may consider extrinsic evidence on a motion for

summary judgment, the Court will not convert the instant motion into one for summary

judgment, as Plaintiff has requested.

> **B.     New Jersey Consumer Fraud Act, N.J.S.A., § 56:8-1 *et seq***
> In relevant part, the CFA provides that:
>
> > [t]he act, use or employment by any person of any unconscionable commercial
> > practice, deception, fraud, false pretense, false promise, misrepresentation, or
> > the knowing, concealment, suppression, or omission of any material fact with
> > intent that others rely upon such concealment, suppression or omission, in
> > connection with the sale or advertisement of any merchandise or real estate, or
> > with the subsequent performance of such person as aforesaid, whether or not any
> > person has in fact been misled, deceived or damaged thereby, is declared to be
> > an unlawful practice.

N.J.S.A., § 56:8-2

In order to state a claim under the CFA, a plaintiff must allege each of three elements:

1) unlawful conduct by the defendant; 2) an ascertainable loss on the part of the plaintiff; and

3) a causal relationship between the defendant's unlawful conduct and the plaintiff's

ascertainable loss.  Frederico v.  Home Depot, 507 F.3d 188, 202 (3d.  Cir.  2007).  Despite

the litany of newly discovered facts put forth in Plaintiff's opposition to the motion to

dismiss, the Complaint, as pled, does not adequately state a claim for a violation of the CFA.

As noted, the *Complaint* must state "sufficient factual allegations, accepted as true, to 'state a

claim for relief that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550

U.S. at 570).  Here, the allegation that the Plaintiff did not receive benefits to which he

believed he was entitled, which is a predominantly a breach of contract claim, is not

sufficient to state a claim for a violation of the CFA.  Van Holt v. Liberty Mutual Insurance

Company, 163 F.3d 161, 168 (1998).  An unconscionable commercial practice involves a

4

lack of good faith, fair dealing, or honesty.  Id.  The allegations in the Complaint as pled against all Defendants do not rise to the level of an unconscionable commercial practice under the CFA and do not meet the particularity requirements of Rule 9(b).  Id.; Seville, 742 F.2d at 791.  Pursuant to Rule 9(b), a plaintiff alleging a violation of the CFA must plead the details of the alleged fraud "or otherwise inject precision or some measure of substantiation into a fraud allegation."  Peters, 2007 U.S. Dist LEXIS 94758 at *8 (internal citations omitted).

## III.    CONCLUSION

Plaintiff's claims under the New Jersey Consumer Fraud Act fail to state a claim upon which relief may be granted.  Those claims will accordingly be dismissed without prejudice. An appropriate Order will be filed.


                                             s/Stanley R. Chesler
                                            STANLEY R.  CHESLER
                                            United States District Judge

DATED: September 21, 2009

5